T.C. Memo. 1999-398

UNITED STATES TAX COURT

JOHN DOUPONCE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3756-98.                    Filed December 7, 1999.

John Douponce, pro se.

<u>Marilyn Devin</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

RUWE, <u>Judge</u>:  On December 23, 1997, respondent issued a final determination disallowing petitioner's claim to abate interest.  Petitioner timely filed a petition under section 6404(g)[1] and Rule 280.  The issue for decision is whether

---

[1]Sec. 6404(g) was redesignated as sec. 6404(i) by the
(continued...)

respondent's denial of petitioner's request to abate interest was an abuse of discretion.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation and attached exhibits are incorporated herein by this reference. Petitioner resided in Los Angeles, California, when the petition was filed. Petitioner filed delinquent Federal income tax returns for 1988 and 1990 on or about August 25, 1993. Petitioner filed a delinquent Federal income tax return for 1991 on or about August 2, 1994. The amounts of tax shown on the returns, tax withheld, and interest and penalties assessed for these years are as follows:

| Year | Tax Reported & Assessed | Credit for Tax Withheld | Late Filing Penalty Assessed | Late Payment Penalty Assessed | Interest Assessed |
|------|------|------|------|------|------|
| 1988 | $11,750 | $8,313 | $773.33 | $859.25 | $2,252.08 |
| 1990 | 13,105 | 11,776 | 299.03 | 199.35 | 369.03 |
| 1991 | 6,205 | 4,687 | 341.55 | 220.11 | 356.14 |

From May 1994 to September 1995, petitioner made monthly payments of $500, all of which were applied to his 1988 liabilities. In April 1995, a credit (from petitioner's 1994 taxable year) of

---

[1](...continued)
Internal Revenue Service Restructuring & Reform Act of 1998 (RRA 1998), Pub. L. 105-206, secs. 3305(a), 3309(a), 112 Stat. 685, 743, 745. Unless otherwise indicated, section references are to the Internal Revenue Code of 1986, as amended. Rule references are to the Tax Court Rules of Practice and Procedure.

$995 was applied to his account for 1988. On March 18, 1996, a credit (from petitioner's 1995 taxable year) of $809 was similarly applied to 1988. When the March 18, 1996, payment was applied, petitioner's entire liability for tax and penalties for 1988 was extinguished. The sum of $252.63, the balance after satisfying the tax and penalty liability, was applied to interest that had accrued for 1988. In March 1996, petitioner submitted an Offer in Compromise with respect to the balances owed for 1988, 1990, and 1991. On May 9, 1996, after additional exchanges of correspondence between petitioner and respondent, petitioner's Offer in Compromise was rejected on the ground that there was no doubt as to liability. Also on or about May 9, 1996, petitioner telephoned respondent's Glendale, California, office to ascertain the balance then outstanding on his accounts for 1988, 1990, and 1991. An employee of respondent told petitioner that the following amounts had been assessed and remained outstanding: 1988--nothing; 1990--$2,196; and for 1991--$2,492. Respondent's employee also told petitioner to add $100 to each of these amounts. Petitioner understood these amounts to be the full amounts of his liabilities for these years, including all tax due, penalties and interest. On May 30, 1996, petitioner paid respondent the amounts of $2,296 for 1990 and $2,592 for 1991. These payments were credited to petitioner's 1990 and 1991 accounts on May 30, 1996. On June 24, 1996, respondent assessed

a $100 failure to pay penalty for 1990 and 1991. At that point all assessments for 1988, 1990, and 1991 had been paid, however, some additional interest for each of the years 1988, 1990, and 1991 had not been assessed. On November 4, 1996, respondent issued a Notice of Intent to Levy with respect to unpaid interest in the following amounts:

| Year: | 1988 | 1990 | 1991 |
|---|---|---|---|
| Amount: | $676 | $600 | $491 |

Petitioner paid without delay. Petitioner sought a refund of the interest and his claim was denied. Petitioner appealed and on March 13, 1997, respondent abated part of the $100 late payment penalties which petitioner had added to his May 1996 payments. Insofar as petitioner's dispute constituted a claim for refund of interest, respondent determined that petitioner was not entitled to relief pursuant to section 6404(e) and mailed petitioner a Notice of Disallowance.

## OPINION

Petitioner argues that respondent abused his discretion in not abating the interest that accrued on petitioner's 1988, 1990, and 1991 liabilities. Petitioner argues he was provided with amounts of his total liability for tax, penalties, and interest in a telephone conversation with an employee of respondent on May 9, 1996. Petitioner contends these amounts when paid should have satisfied his liability for interest.

Under section 6404(e)(1)[2], the Commissioner may abate part or all of an assessment of interest on any deficiency or payment of income tax to the extent that any error or delay in payment is attributable to erroneous or dilatory performance of a ministerial act by an officer or employee of the Commissioner. For abatement to be appropriate, the taxpayer must not have contributed significantly to the error or delay. Congress intended for the Commissioner to abate interest under section

---

[2]Sec. 6404(e)(1), as enacted in 1986 and as applicable here, provides:

> (e) Assessments of Interest Attributable to Errors and Delays by Internal Revenue Service.--
>
> > (1) In general.--In the case of any assessment of interest on–
> >
> > > (A) any deficiency attributable in whole or in part to any error or delay by an officer or employee of the Internal Revenue Service (acting in his official capacity) in performing a ministerial act, or
> > >
> > > (B) any payment of any tax described in section 6212(a) to the extent that any delay in such payment is attributable to such officer or employee being dilatory in performing a ministerial act,
> >
> > the Secretary may abate the assessment of all or any part of such interest for any period. For purposes of the preceding sentence, an error or delay shall be taken into account only if no significant aspect of such error or delay can be attributed to the taxpayer involved, and after the Internal Revenue Service has contacted the taxpayer in writing with respect to such deficiency or payment.

6404(e) "where failure to abate interest would be widely perceived as grossly unfair" but not that it "be used routinely to avoid payment of interest".  H. Rept. 99-426, at 844 (1985), 1986-3 C.B. (Vol. 2) 1, 844; S. Rept. 99-313, at 208 (1986), 1986-3 C.B. (Vol. 3) 1, 208.

Prior to contacting respondent to obtain "payout" amounts on May 9, 1996, there was no erroneous or dilatory performance of a ministerial act by an officer or employee of the Commissioner that contributed to a delay or error in the payment of the interest which had accrued on petitioner's outstanding tax liabilities.  Since there was no erroneous or dilatory performance of a ministerial act, the Commissioner lacked authority to abate interest.  Under these circumstances, it can hardly be an abuse of his discretion to refuse to abate interest that accrued prior to May 9, 1996.

For the period from May 9 to May 30, 1996, when petitioner made his payments of $2,296 and $2,592, any interest which accrued was solely due to petitioner's failure to pay his outstanding tax liabilities.  Again in these circumstances there was no erroneous or dilatory performance of a ministerial act and the Commissioner lacked authority to abate interest.

For the period from May 30 to November 4, 1996 (when respondent finally notified petitioner of additional interest by issuing a Notice of Intent to Levy), the facts dictate a

different outcome. The Commissioner's refusal to abate the interest on interest after all of petitioner's liability for tax and penalties had been satisfied is an abuse of discretion. Petitioner asked an employee of respondent what the "total amount due" was for 1988, 1990, and 1991. Respondent's employee told petitioner the total amount due, and petitioner promptly paid those amounts. However, the employee did not include all of the accrued but unassessed interest in the amounts given to petitioner. Petitioner promptly discharged his liability for interest when he was notified of it on November 4, 1996. It is reasonable to assume the only reason for the delay of in excess of 5 months was caused by respondent's failure to tell petitioner the correct amounts due when petitioner requested that information on May 9, 1996. Respondent acknowledges on brief "that, under some circumstances, giving an incorrect payout figure may constitute a ministerial act and respondent may abate interest attributable to that act." In the circumstances of this case, the Commissioner should have abated the interest on unpaid interest that accrued for the period from May 30 to the date on which petitioner made full payment. Respondent's failure to do so was an abuse of discretion.

Decision will be entered
pursuant to the foregoing.